IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-01748-ZLW

SANDRA J. STEUWER, and
SEAN STEUWER,

    Plaintiffs,

v.

BARRY M. JENCSON, and
THE UNITED STATES OF AMERICA,

    Defendants.

## ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiffs' Complaint (Doc. No. 1) filed on August 15, 2008.  Plaintiffs' claim that Defendant Jencson negligently and carelessly drove his motor vehicle into the rear of Sandra Steuwer's vehicle, causing various injuries.[1]  At the time of the accident, Jencson was allegedly acting in the course and scope of his official duties as an active member of the United States Air Force.[2]  Sean Steuwer claims loss of consortium due to his wife's injuries resulting from the accident.[3]

---

[1] Complaint at 1 ¶ 2, 4.

[2] Id. at ¶ 3.

[3] Id. at ¶ 5.

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end.[4] It is Plaintiffs' burden to establish this Court's subject matter jurisdiction over his claims.[5]

Plaintiffs seek damages from the United States under the Federal Tort Claims Act (FTCA).[6] Before a FTCA claim can be brought in federal court, a plaintiff must first present the claim to the appropriate federal agency, in this case the United States Air Force. A plaintiff must either obtain a final disposition from the agency or wait six months after the claim was first filed before suit can be brought in federal court.[7] These requirements are a pre-requisite to establish subject matter jurisdiction in this court.[8]

Nowhere in Plaintiffs' Complaint is it pled that these tort claims have been previously presented to the United States Air Force. It is Plaintiffs' burden to plead this jurisdictional requirement.[9] Therefore it is

ORDERED that Plaintiffs shall show cause in writing on or before September 19, 2008 why this action should not be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). It is

---

[4] In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

[5] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998).

[6] Complaint at 1 ¶ 1; 28 U.S.C. § 1346(b)(1); 28 U.S.C. §§ 2671-2680.

[7] 28 U.S.C. § 2675(a).

[8] Bradley v. U.S. by Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991).

[9] See, e.g., Fed. R. Civ. P. 8(a)(1).

FURTHER ORDERED that if Plaintiffs do not show cause on or before September 19, 2008, this action will be dismissed for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this  25th  day of August, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court